An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MARINA E. KOLIAS, ESQ., BAR NO. 6383.

No. 62783

**FILED**

JUL 24 2013

## *ORDER OF TEMPORARY SUSPENSION*

This is a joint petition by the State Bar, through the Southern Nevada Disciplinary Board, and attorney Marina E. Kolias for an order temporarily suspending Kolias from the practice of law, pending the resolution of formal disciplinary proceedings against her. The petition and supporting documentation demonstrate that Kolias has failed to safekeep funds in numerous instances.

> SCR 102(4)(a) provides, in pertinent part:
>
> On the petition of a disciplinary board, signed by its chair or vice chair, supported by an affidavit alleging facts personally known to the affiant, which shows that an attorney appears to be posing a substantial threat of serious harm to the public, the supreme court may order, with notice as the court may prescribe, the attorney's immediate temporary suspension or may impose other conditions upon the attorney's practice.

In addition, SCR 102(4)(b) provides that we may place restrictions on an attorney's handling of funds.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21727

We conclude that the documentation before us demonstrates that Kolias poses a substantial threat of serious harm to the public, and that her immediate temporary suspension is warranted under SCR 102(4)(a). Accordingly, we hereby order attorney Marina E. Kolias temporarily suspended from the practice of law pending the resolution of formal disciplinary proceedings against her.

We further conclude that Kolias's handling of funds should be restricted. Accordingly, pursuant to SCR 102(4)(a), (b), and (c), we impose upon Kolias the following conditions:

1. Kolias is precluded from accepting new cases and is precluded from continuing to represent existing clients, effective immediately upon service of this order;

2. All proceeds from Kolias's practice of law and all fees and other funds received from or on behalf of her clients shall, from the date of service of this order, be deposited into a trust account from which no withdrawals may be made by Kolias except upon written approval of bar counsel; and

3. Kolias is prohibited from withdrawing any funds from any and all accounts in any way relating to her law practice, including but not limited to her general and trust accounts, except upon written approval of bar counsel.

The state bar shall immediately serve Kolias with a copy of this order. Such service may be accomplished by personal service, certified mail, delivery to a person of suitable age at Kolias's place of employment or residence, or by publication.[1] Kolias shall comply with the provisions of SCR 115.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    David A. Clark, Bar Counsel
Jeffrey A. Albregts, Chair, Southern Nevada Disciplinary Board
Kimberly K, Farmer, Executive Director, State Bar of Nevada
Michael J. Warhola, LLC
Perry Thompson, Admissions Office, United States Supreme Court

---

[1]When served on either Kolias or a depository in which she maintains an account, this order shall constitute an injunction against withdrawal of the proceeds except in accordance with the terms of this order. *See* SCR 102(4)(b).